IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MATHEW ALAN LAWRIE, | ) | 1:12-CV-0091 AWI GSA |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM OPINION |
| v. | ) | AND ORDER DISMISSING |
| | ) | PLAINTIFFS COMPLAINT |
| LEMOORE AIR FORCE BASE; | ) | PURSUANT TO 28 U.S.C. § |
| UNITED STATES; BARACK OBAMA; | ) | 1915(d) |
| CIA; SECRETARY OF DEFENSE | ) | |
| LEON PANETTA AND ROBERT | ) | |
| GATES, | ) | Doc. # 3 |
| | ) | |
| Defendants. | ) | |

This is an action for damages and injunctive relief by plaintiff Mathew Alan Lawrie ("Plaintiff") against Lemoore Air Force Base, United States, Barack Obama, the CIA, and Leon Panetta and Robert Gates (collectively, "Defendants"). The complaint in this action was originally filed in state court and was removed to this court on January 19, 2012. Defendants' motion to dismiss was filed on January 26, 2012. The fill-in-the-blanks complaint form does not adequately indicate the nature of events giving rise to this action. The court therefore quotes the affidavit appended to the complaint to fully convey the factual information upon which the court's order rests. The affidavit states, in its entirety:

> In 1964 I was mortally injured after an attack by James "Whitey" Bulger. While at hospital I was somehow revived. Somewhere in between I was fitted with the - "other world - nano technology - micro chip - nerve connectors." They were attached above each ear. They look like this; [drawing of small "bug-like" object, about 3x4 mm. with six "legs"] the six prongs were crimped around the

1   nerve. "I remember this because the <u>doctors</u>? explained the procedure to me." I
    was in a green room, it hurt allot.  I was told that these [drawing of "bug"] would
2   allow "them" to know where I was at all times and re-start my body -via -
    electronic shock. [Small parenthetical cut off].  The doctors also said that these
3   devices allowed them to monitor my hearing and allowed them to hear what I
    hear!  <u>Thus, the U.S. Gov't "Bugged" me!</u>
4
            [In] 1994-1995 During a C.T. scan at Scripp [sic.] Institute for a head
5   injury X-ray tech asked me (they saw the chip on X-ray) if I had been shot, had
    shrapnel in head <u>etc. etc.</u>!!!  When all of a sudden they received a call from the
6   U.S. Govt.!  The X-ray tech had the microphone on so I heard their answers.
    They quite! quite! Asking questions immediately immediately.  I was followed by
7   secret service agents for many months and the <u>agents in Black</u> bothered my
    friends at the beach, asking about me allot.  (Between "Brighton" & "Cape May,"
8   [incomplete word]).  I have "Orion's Belt device."

9                          [Signature dated 10/17/11]

10      P.S. I volunteered for "Avalon" mission.

11  Doc. # 1 at 10 (all quotation marks, underlines and punctuation in original).

12      Of some significance, this action was originally filed on or about October 17, 2011, by

13  Plaintiff in the small claims division of Kings County Superior Court and was removed to this

14  court by United States on January 19, 2012.  Because this case is before the court as a removed

15  case, rather than as an *in forma pauperis* action, it did not undergo the usual screening which

16  would have resulted in dismissal of the action pursuant to 28 U.S.C. § 1915(d) as Plaintiff's

17  factual allegations are clearly fanciful and/or the product of delusion.

18      Defendants characterize Plaintiff's claim for relief as a tort claim and seek to dismiss

19  Plaintiff's complaint pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure on the

20  ground Plaintiff fails to allege compliance with Federal Tort Claims Act, 28 U.S.C. § 1346(b).

21  The court finds Defendants' suggested approach less satisfactory because it conveys the

22  impression that what Plaintiff has alleged would be actionable had he complied with a particular

23  legal procedure.  However, what the court seeks to convey is that Plaintiff's claim, while no

24  doubt substantial in his own mind, is the product of delusion and is completely insubstantial so

25  far as this or any court would be concerned.  A court may find is lacks subject matter jurisdiction

26  pursuant to Rule 12(b)(1) where the claim or claims are "so attenuated and unsubstantial as to be

27

28                                    2

absolutely devoid of merit". Neitzke v. Williams, 490 U.S. 319, 327 n.6 (1989) (quoting Bell v. Hood, 327 U.S. 678, 682-683 (1946)).

The court wishes to convey that while it has sympathy for Plaintiff's subjective feelings of personal violation, the court lacks jurisdiction to address claims for legal relief that are clearly based on a belief system that is equally clearly out of the realm of reality. Plaintiff's complaint will be dismissed on the grounds stated here rather than on the grounds urged by Defendants.

THEREFORE, pursuant to the foregoing, Plaintiff's complaint is hereby DISMISSED with prejudice. The Clerk of the Court shall CLOSE the case.

IT IS SO ORDERED.

Dated:   July 3, 2012                                    _____
                                                        CHIEF UNITED STATES DISTRICT JUDGE

3